```
         IN THE UNITED STATES DISTRICT COURT FOR
            THE WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION

BRYAN HIX                                          PLAINTIFF

     vs.           Case No.: 3:12-CV-03050

FEDEX COPORATION
FEDEX CORPORATE SERVICES, INC.
FEDEX FREIGHT, INC.                               DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings his Complaint (Doc. 1) under the Sarbanes-Oxley Corporate and Criminal Fraud Accountability Act ("SOX"), 18 U.S.C. § 1514, the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 12 U.S.C. § 5301, and Arkansas common law for wrongful termination.  Currently before the Court are Separate Defendants' (FedEx Corporation and FedEx Freight, Inc.) Motion to Dismiss (Doc. 7), Separate Defendants' Memorandum in Support (Doc. 8), Plaintiff's Response (Doc. 10), Plaintiff's Memorandum in Response (Doc. 11), and Separate Defendants' Reply (Doc. 12).  For the reasons that follow, Separate Defendants' Motion (Doc. 7) is **DENIED**.

I.  **Background**

FedEx Corporation is a Delaware corporation with its principal place of business in Tennessee that regularly conducts business in Arkansas.  (Doc. 1, ¶ 2).  FedEx Corporate Services, Inc. is a Delaware Corporation with its principal place of

business in Tennessee that regularly conducts business in the State of Arkansas. (Doc. 1, ¶ 4). FedEx Freight, Inc. is an Arkansas Corporation with its principal place of business in Arkansas. (Doc. 1, ¶ 6).

Plaintiff contends he is a former employee of Defendants, employed on or around August 1, 2009, until the date of his termination, April 25, 2011. (Doc. 1, ¶ 12). Prior to being terminated, Plaintiff filed three separate SOX claims against Defendants. (Doc. 1, ¶ 13). Plaintiff alleges his termination was the result of his filing of those claims in violation of SOX ( Doc. 1, ¶ 19 – 21), Dodd-Frank (Doc. 1, ¶ 25 – 28), and Arkansas' common law for wrongful termination (Doc. 1, ¶ 32 – 33, 35).

This matter is now before the Court on motion of Separate Defendants to dismiss Plaintiff's complaint against them for failure to state a claim upon which relief can be granted and misjoinder.[1] (Doc. 7). Plaintiff responded to the motion outside

---

[1] Defendants allege Plaintiff failed to satisfy administrative prerequisites regarding Plaintiff's SOX claim against FedEx Freight, Inc. by failing to first file a complaint with the Secretary of Labor as required by 18 U.S.C. § 1514A(b)(1)(A). However, *Miller v. Stifel, Nicolaus & Co., Inc.* explains an important exception: "If the employee has met these requirements [(employee required to file complaint within 90 days of alleged SOX violation)] for a particular violation, and a final administrative decision has not [been] issued within 180 days of the filing of the administrative complaint, the employee can proceed with an action in federal court based on that violation." *Miller v. Stifel, Nicolaus & Co., Inc.*, 812 F. Supp. 2d 975, 983 (D. Minn. Sept. 20, 2011). Defendants' own memorandum shows that Plaintiff filed his complaints with OSHA within the 90-day window. (Doc. 8). Plaintiff then appealed to the Office of Administrative Law Judges and consolidated all three SOX claims. (Doc. 8). On November 21, 2011, the Administrative Law Judge (Judge Sellers) put a stay on the matter. (Doc. 8). After Judge Sellers

of the Court's fourteen (14) day time limit, and Separate Defendants moved to dismiss Plaintiff's claims with prejudice.[2] (Doc. 12). Despite the untimeliness of Plaintiff's response, the Court will consider Separate Defendants' motion on its merits.

**II.  Discussion**

Separate Defendants move for dismissal on the basis that Plaintiff was not an employee with either FedEx Corporation or FedEx Freight, Inc. at the time of Plaintiff's SOX complaints and subsequent firing. Separate Defendants assert since there is no employer-employee relationship between them and Plaintiff, they are improper parties and no relief can be sought against them.

In determining whether a motion to dismiss should be granted, the court must determine whether the complaint sufficiently alleges a cause of action against the moving party. "In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and

---

issued an Order setting a 30-day deadline for Plaintiff to file the action with the federal court, Plaintiff filed his complaint in federal court on April 4, 2012. The timespan from when the ALJ received the complaints and the date of decision, or lack thereof, came well outside the 180 window described in *Miller*. *Id*. Therefore, Plaintiff's failure to file a complaint with the Secretary of Labor with regards to FedEx Freight, Inc. does not require this Court to dismiss Plaintiff's claim against FedEx Freight, Inc.

[2]Local Rule 7.2(b) requires a party to file an opposition to a motion within fourteen days from the date of service. Defendants FedEx Corporation and FedEx Freight filed their motion to dismiss on April 30, 2012. Plaintiff filed his response on July 25, 2012. Plaintiff's answer was more than ten weeks tardy.

treats the alleged facts as true." *Erickson v. Wells Fargo Bank, N.A.*, No. 11-3123, 2012 WL 1593204, at *2 (D. Minn. Apr. 19, 2012). "A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief." *Id*. Although a plaintiff need not give a highly detailed recitation of the facts, the allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated further, a motion to dismiss is denied "unless it appears beyond doubt that the plaintiff can prove no facts which would entitle him to relief." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)[3]. Lastly, if the Court initially determines all parties are proper, the Court may dismiss a party during trial if facts are presented showing a party is in fact an improper party. Fed. R. Civ. P. 21.

---

[3]In Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss (Doc. 11) Plaintiff takes issue with Defendants' use of three affidavits (which the Court believes are Exhibits #1 (Doc. 8-1), #2 (Doc. 8-2), and #3 (Doc. 8-3) attached to the Memorandum in Support of Defendants' Motion to Dismiss (Doc. 8))  to support their motion to dismiss (Doc. 11 ¶ 4). Under *Speaker*, Plaintiff alleges that the use of extrinsic evidence by this Court generally requires the Rule 12(b)(6) motion be converted into a motion for summary judgment. *Speaker v. United States Dep't. of Health and Human Serv.*, 623 F.3d 1371, 1379 (11th Cir. 2010). Defendants respond there is a caveat to the general rule: "[W]here certain documents and their contents are undisputed: 'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" *Id*. As in *Speaker*, Plaintiff has not, at this point, challenged the authenticity of Defendants' affidavits. *Id*. at 1379-80.  Therefore the affidavits are available for the Court's consideration and decision. The motion to dismiss is therefore not converted into a summary judgment motion.

### A. Employer Requirement for Sarbanes-Oxley claim

SOX gives protection to employees who provide information, against a "company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d))" "which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities and commodities fraud], any rule or regulation of the Securities and Exchange Commission ["SEC"], or any provision of Federal law relating to fraud against shareholders[.]" 18 U.S.C. § 1514A(a) (2012).

> To establish a prima facie case, the plaintiff must show, by a preponderance of the evidence, that: (1) [plaintiff] engaged in protected activity; (2) the *employer* knew or suspected . . . the protected activity; (3) [plaintiff] suffered an unfavorable *personnel action*; and (4) the protected activity was a contributing factor in the unfavorable personnel action.

*Miller v. Stifel, Nicolaus & Co., Inc.*, 812 F. Supp. 2d 975, 982 (D. Minn. Sept. 20, 2011) (emphasis added). Therefore, a plaintiff must establish an employer-employee relationship with the defendants in order to seek relief.[4]

---

[4]Defendants initially denied they were companies with the securities necessary or report filing requirement that would make Defendants subject to the Securities Exchange Act of 1934. However, neither Defendants' Memorandum in Support of Defendants' Motion to Dismiss (Doc. 8) nor Defendants FedEx Corporation and FedEx Freight, Inc.'s Reply to Plaintiff's Response to their Motion to Dismiss (Doc. 12) raise any argument against the claim that

### i.  Plaintiff's employment status with regards to FedEx Corporation

Plaintiff should be given the opportunity to show FedEx Corporation was his employer. In the Eighth Circuit, there is a "'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (*quoting Frank v. United States West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993). These "extraordinary circumstances" are put forth in the "alter ego/level of control" test:

> [a] parent company may employ its subsidiary's employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore on employer or (b) the parent company is linked to the alleged discriminatory action because it controls individual employment decisions.

*Brown* at 739 (*quoting Leichihman v. Pickwick Int'l*, 814 F.2d 1263, 1268 (8th Cir. 1987)) (quotations omitted); *see Humphries v. Bray*, 611 S.W.2d 791 (Ark. Ct. App. 1981) (holding a sole proprietor's corporation was the alter ego of the sole proprietor and therefore sole proprietor was liable to the corporation's employee's injuries). A parent company controls the employment practices of its subsidiary "[i]f the parent

---

Defendants fit into the securities and reporting requirement of the Securities Exchange Act of 1934. Instead, both Defendants and Plaintiff focus on whether Defendants FedEx Corporation and FedEx Freight, Inc. were Plaintiff's "employer" for purposes of Plaintiff's SOX, Dodd-Frank, and Arkansas common law for wrongful termination allegations.

company hired and fired the subsidiary employees, routinely shifted them between the two companies, and supervised their daily operations." *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987). Some other relevant factors used by the courts are "1) the commingling of funds and assets; . . . 3) the severe undercapitalization of the subsidiary; and 4) the parent corporation failing to observe basic corporate formalities such as keeping separate books and holding separate shareholder meetings." *E.E.O.C. v. Chemtura Corp.*, No. 07-1025, 2009 WL 1940076 (W. D. Ark. 2009).

In Exhibit #1 Defendants assert that FedEx Corporation does not exercise day-to-day control over the employment decisions of FedEx Freight, Inc., or FedEx Corporate Services, Inc. (Doc. 8-1 ¶ 11), that FedEx Freight, Inc. does not exercise day-to-day control over the employment decisions of FedEx Corporation or FedEx Corporate Services, Inc. (Doc. 8-1 ¶ 12), and FedEx Corporate Services, Inc. does not exercise day-to-day control over the employment decisions of FedEx Corporation and FedEx Freight, Inc. (Doc. 8-1 ¶ 13). Defendants further assert that FedEx Corporation, FedEx Corporate Services, Inc., and FedEx Freight, Inc. are separate and distinct corporate entities. (Doc. 8-1 ¶ 9). Even assuming these facts as true, the plaintiff may still prove that FedEx Corporation had sufficient "control" over FedEx Freight, Inc. and FedEx Corporate Services, Inc. to

justify a finding that all three entities are actually a single entity. Therefore, Plaintiff will be given the opportunity to prove his case.

### ii. Plaintiff's Employment Status with regards to FedEx Freight, Inc.

Although never an employee of FedEx Freight, Inc., Separate Defendant may be liable for the employment decisions of its sister company based on an extension of "alter ego liability."[5] The Eighth Circuit has no case law on the subject of sister company liability; however, the Arkansas Supreme Court discussed the concept in *Missouri Pacific R. Co. v. Mackey*, 760 S.W.2d 59 (Ark. 1988). In *Missouri Pacific*, the Court held there was no "nexus" that connected the corporation at issue with its sister corporation; therefore, the sister corporation was not a proper party to the action. *Missouri Pacific* at 65. The concept is further explained in *Greenspan v. LADT, LLC*:

> Generally, alter ego liability is reserved for the parent-subsidiary relationship. However, under the single-enterprise rule, liability can be found between sister companies. The theory has been described as follows: In effect what happens is that the court, for sufficient reason, has determined that though there are two or more personalities, there is but one enterprise; and that this enterprise has been so handled that it should respond, as a [single corporation][.]

---

[5] Plaintiff admits to being an employee of FedEx Corporate Services, Inc., but makes no such assertion with regards to FedEx Corporation or FedEx Corporate Services, Inc. (Doc. 11 ¶ 3).

*Greenspan v. LADT, LLC*, 121 Cal. Rptr. 3d 118, 138 (Ca. Ct. App. 4th 2010) (quotations omitted).  Once again, liability is determined by whether FedEx Corporation was involved with its subsidiaries to such an extent as to find there to be a "single enterprise."  As discussed above, Plaintiff will be given the opportunity to prove such a "single enterprise" through discovery and trial.

    **B.  Dodd-Frank extension of Sarbanes-Oxley**

The Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 376 (2010) (West), amended SOX "by inserting 'including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such [parent] company' after 'the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)).'"  Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 929A, 124 Stat. 376 (2010) (West).  This means that a plaintiff bringing a cause of action against a subsidiary may also have a cause of action against the parent company depending on whether the parent includes the subsidiary's financial information within its own consolidated financial statement.

    Separate Defendants assert FedEx Corporate Services, Inc. and FedEx Freight, Inc. are wholly-owned subsidiaries of FedEx

Corporation.[6]  (Doc. 8-1 ¶ 5, 7).  However, Separate Defendants provide no information regarding the makeup of FedEx Corporation's financial statements.  Therefore, a dismissal at this point in the proceedings would be premature.

**C.  Plaintiff's Arkansas Common Law Wrongful Termination Claim**

Plaintiff alleges he was terminated in violation of the public policy of the State of Arkansas which is a violation of Arkansas common law.  (Doc. 1 ¶ 35).  An exception to the "employment-at-will doctrine" is the "public policy exception." *Northport Health Serv., Inc. v. Owens*, 158 S.W.3d 164, 175 (Ark. 2004).  This public policy exception is stated as "an at-will employee has a cause of action for wrongful discharge if he or she is fired in violation of a well-established public policy of the state." *Id.*; *see City of Green Forest v. Morse*, 873 S.W.2d 155 (Ark. 1994) (holding "the exceptions to the at-will doctrine will be recognized to protect a well-established and substantial public policy and not merely to protect the private or proprietary interests of the employee." (emphasis omitted)).  "The public policy of [Arkansas] is contravened if an employer discharges an employee for reporting a violation of state or federal law."  *Lynn v. Wal-Mart Stores, Inc.*, 280 S.W.3d 574, 579 (Ark. Ct. App. 2008).

---

[6] FedEx Freight, Inc. is a wholly-owned subsidiary of FedEx Freight Corporation which is a wholly-owned subsidiary of FedEx Corporation.

SOX and Dodd-Frank are federal laws and a violation of either would constitute a violation of Arkansas common law. As such, if Plaintiff is able to prove at trial that he was an employee of either defendant and fired because of his SOX complaints, Plaintiff's wrongful termination claim is justified.

### III. Conclusion

For the reasons stated above, Separate Defendants' Motion to Dismiss (Doc. 7) is **DENIED,** and Separate Defendants shall have ten (10) days to respond to Plaintiff's Complaint.

IT IS SO ORDERED this 5th day of March, 2013.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge